UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJESH K. SINHA,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>    Defendant. | Case No. 24-cv-00046-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Pending before the Court is Defendant State of California's motion to dismiss. Dkt. No. 27. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion to dismiss.

**I.    BACKGROUND**

    **A.    Factual Background**

In January 2024, pro se Plaintiff Rajesh K. Sinha filed this case against the State of California. *See* Dkt. Nos. 1, 3. Plaintiff amended the complaint in February 2024. *See* Dkt. No. 7 ("FAC"). The FAC alleges that Plaintiff has not been able to renew his passport with the federal government because he is behind on his child support in excess of $2,500. *See id.* at 14, 18, 25. Plaintiff appears to challenge the manner in which his child support was calculated. *See, e.g.*, *id.* at 13, 15–16, 20–21, 32–43. He suggests that the formula used to calculate his child support payments as a non-custodial parent did not properly account for his basic living expenses. *See id.* at 17, 20–21, 32–33. Although Plaintiff no longer has to pay ongoing child support, he still owes child support arrears. *See id.* at 16–17, 20. Plaintiff alleges that despite his lack of income, he still has been ordered to pay $340.00 a month to pay off the child support arrears, and his bank account

is garnished once a year. *Id.* Plaintiff urges that his lack of payment has not been willful—he is simply unable to pay. *See id.* at 17, 19, 24, 26–27, 44. And Plaintiff explains that because interest on his child support arrears continues to grow, he will never be able to pay all he owes. *See id.* at 19–21, 43. Plaintiff states that this has been exacerbated by his inability to renew his passport. He alleges that he previously ran an exports business, which "came to a dead halt" because he could not travel internationally without a passport. *See id.* at 14, 18–19, 22–23, 25, 28–29. Afterward, he picked up odd jobs, but he could not earn enough money, and he even had to live out of his car for a time. *Id.* at 14, 19, 25. Plaintiff's father passed away in 2019 and he was unable to travel to India to see him and be with his family. *See id.* at 14, 25, 33. Plaintiff also wanted to travel with his mother back to India for her knee surgery, but he could not do so. *See id.* at 25–26. Plaintiff alleges that he is also currently behind on his rent payments and is unable to pay his bills. *See id.* at 21, 29, 44–46.

   Plaintiff has brought two causes of action based on these allegations. *First*, Plaintiff alleges that California has violated the Passport Denial Program and the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"). *See* 42 U.S.C. § 654(31); 42 U.S.C. § 652(k). *See* FAC at 24–29. Despite the language of the PRWORA, Plaintiff appears to contend that only individuals who are willfully failing to pay child support or seeking to travel to evade their child support obligations should have their passport denied. *See id.* at 26. *Second*, Plaintiff alleges that California has violated federal guidelines called the "Final Rule: Flexibility, Efficiency, and Modernization in Child Support Enforcement Programs," the Final Rule's relevant provisions, and Presidential Executive Order 13563, in calculating what he owes in child support. *See id.* at 29–44. From what the Court can determine, Plaintiff takes issue with the fact that California has not adjusted the formula for calculating child support for many years; the formula does not adequately account for the basic subsistence needs of noncustodial parents; and although California is in the process of finally revising the child support formula, Plaintiff was not provided an opportunity to meaningfully participate in this process. *See, e.g.*, *id.* at 30–44. Plaintiff asserts that his "child support amount was exorbitant." *See id.* at 32. Plaintiff asks the Court to allow him to renew his passport and citizenship card and to have his child support arrears recalculated.

*See id.* at 44–46. He also asks for damages in the amount of $1,941,404.00. *Id.*

### B. Procedural Background

On March 8, 2024, Magistrate Judge Sallie Kim issued an order directing that the case be reassigned to a district judge with a report and recommendation that the action be dismissed. Dkt. No. 8. Judge Kim reasoned that Plaintiff's lawsuit is barred by sovereign immunity under the Eleventh Amendment. Dkt. No. 8. Out of an abundance of caution, the Court declined to adopt the report and recommendation, and directed the U.S. Marshal to serve the complaint. *See* Dkt. No. 19. Defendant State of California then filed a motion to dismiss the complaint in its entirety. Dkt. No. 27.

Rather than oppose the motion to dismiss, Plaintiff initially filed a request to amend the complaint. *See* Dkt. No. 30. Plaintiff filed serial motions to extend his deadline to respond to the motion to dismiss based on his intention to amend the complaint. *See* Dkt. Nos. 38, 42, 44. Plaintiff eventually filed an opposition to the motion to dismiss on October 4, 2024. Dkt. No. 45. Because of the overlap in arguments across the motion to dismiss and motion for leave to amend the complaint, the Court considers the arguments raised in both sets of briefing.

## II. LEGAL STANDARD

### A. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss based on the court's lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject matter jurisdiction exists." *See Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975, n.12 (9th Cir. 2012) (quotation omitted). The party invoking subject matter jurisdiction has the burden of establishing that such jurisdiction exists. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be

3

granted under Federal Rule of Civil Procedure 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Additionally, "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e).  "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).  However, even a "liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  "[P]ro se litigants are bound by the rules of procedure," *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), which require "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a).

## III. DISCUSSION

### A. *Rooker-Feldman* Doctrine

California first argues that the Court lacks subject matter jurisdiction over this case because Plaintiff's claims are barred by the *Rooker-Feldman* Doctrine.  *See* Dkt. No. 27 at 4–6.  Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review state court decisions.  *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker*

4

*v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). The doctrine applies to "'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Mothershed v. Justs. of Supreme Ct.*, 410 F.3d 602, 606 (9th Cir. 2005), *as amended on denial of reh'g* (July 21, 2005) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). To determine whether a plaintiff is bringing such a de facto appeal, the Court must "pay close attention to the *relief* sought by the federal-court plaintiff." *Id.* (quotation omitted) (emphasis in original). "It is a forbidden de facto appeal under *Rooker–Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Id.* at 777–78 (quotation omitted).

Here, Plaintiff suggests that he is not trying to litigate "the same case of child support modification/determination in federal district court." *See* Dkt. No. 45 at 5. He also suggests that he is referencing his child support orders "in a different context," and is only seeking relief based on California's failure to comply with federal law. *Id.* However, Plaintiff explicitly asks the Court to review and recalculate his child support payments and arrears as previously determined by the Sonoma County Superior Court. *See* FAC at 46. For this Court to give Plaintiff this specific relief, it would have to find that the state court child support orders were incorrect in some way. But the Court may not review state child support orders. Accordingly, to the extent Plaintiff is asking the Court to review and recalculate his child support orders and the child support arrears, the Court finds that such claims are barred by the *Rooker-Feldman* doctrine and **GRANTS** the motion to dismiss on this basis.

**B.  Standing**

California next argues that Plaintiff lacks standing to request the renewal of his passport. *See* Dkt. No. 27 at 7–8. Specifically, the State explains that Plaintiff cannot establish causation or redressability because the State has no authority to issue, revoke, or renew passports. *Id.* The

State simply provides the federal government with a list of individuals who owe child support arrearages exceeding $2,500. *See* 42 U.S.C. § 652(k); *cf. Eunique v. Powell*, 302 F.3d 971, 972–73 (9th Cir. 2002) (rejecting argument that statute and regulation authorizing denial of passport due to child support arrears were unconstitutional). Yet Plaintiff asks, at least in part, for the Court to "allow" him "to renew [his] passport and citizenship card . . . ." *See* FAC at 44. The Court agrees that California does not make these determinations, and even if Plaintiff could prevail on some claim against the State, the Court has no power to order the State to renew Plaintiff's passport. Plaintiff has no standing, therefore, to seek this specific relief from California and the Court **GRANTS** the motion to dismiss on this basis.[1]

### C. Sovereign Immunity

California also argues that Plaintiff's claims are barred by sovereign immunity. *See* Dkt. No. 27 at 8–9. "The Eleventh Amendment of the United States Constitution prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent." *Nat. Res. Def. Council v. California Dep't of Transp.*, 96 F.3d 420, 421 (9th Cir. 1996) (citing *Hans v. Louisiana*, 134 U.S. 1, 14 (1890)). There are only three exceptions to this immunity: (1) "a state may waive its Eleventh Amendment defense"; (2) "Congress may abrogate the States' sovereign immunity by acting pursuant to a grant of constitutional authority"; and (3) a plaintiff may seek prospective injunctive relief to remedy violations of federal law, under the *Ex Parte Young* doctrine. *See Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817 (9th Cir. 2001).

Here, none of these exceptions appear to apply. California has not consented to being sued and instead has explicitly asserted its Eleventh Amendment defense. *See* Dkt. No. 27 at 8–10. Congress also has not abrogated California's sovereign immunity as to Plaintiff's causes of action. To do so, Congress must have "unequivocally expressed its intent to abrogate the states' immunity in the legislation itself." *See Douglas*, 271 F.3d at 818 (quotation omitted). But none of the

---

[1] To the extent that Plaintiff urges that the United States Secretary of State is a federal entity and this Court has jurisdiction over it, Dkt. No. 45 at 6, this is simply inapposite. Plaintiff has only sued the State of California.

statutes or regulations that Plaintiff cites in the FAC indicate that Congress "unequivocally" intended to abrogate state sovereign immunity. *Id.*

Additionally, despite Plaintiff's passing reference to it, Dkt. No. 45 at 10, the *Ex Parte Young* doctrine does not apply here. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908). Plaintiff has not named a state official as a defendant, and Plaintiff primarily seeks monetary damages to remedy retrospective harms. *See Douglas*, 271 F.3d at 821, n.6; *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 73 (1996). Specifically, Plaintiff seeks almost $2 million for things like the loss of his business, the deterioration of his health, and outstanding debts including his child support arrears, that he claims are due to the improper calculation of his child support and his inability to renew his passport. *See* FAC at 44–46.

Plaintiff's conclusory assertion that California somehow "lost its sovereign immunity" by depriving him of "life, liberty, and property" under the Fourteenth Amendment because of its "irrational acts," Dkt. No. 45 at 11, is also not supported. Even assuming such a claim was not subject to sovereign immunity, the FAC does not include a Fourteenth Amendment claim. *See generally* FAC. In his opposition brief, Plaintiff lists other Constitutional provisions and statutes. *See id.* at 12. And in his motion for leave to amend the complaint Plaintiff urges that this "case is primarily related to Procedural & Substantive due process violation[s] and deprivation[s] of fourteenth amendment rights of life, liberty, and property (and some others)." *See* Dkt. No. 30 at 2. But again, these purported violations are not alleged in the FAC either and it is not clear what cause of action Plaintiff could assert under the circumstances. Plaintiff has repeatedly expressed his frustration with California's child support policies and procedures, and believes that changes are necessary. But Plaintiff's mere disagreement with these policies is not enough to overcome California's sovereign immunity.

As Judge Kim explained in her report and recommendation, this Court is one of limited jurisdiction, and federal courts can adjudicate only cases that the Constitution or Congress authorizes them to adjudicate. *See* Dkt. No. 8 at 3 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The Court therefore **GRANTS** the motion to dismiss on this basis.

### D. Leave to Amend

In both his opposition brief and motion for leave to file an amended complaint, Plaintiff suggests that California simply misapprehends the nature of his case. At various points he suggests that he is challenging the constitutionality of California's child support regime. Even if this were clearly alleged, however, it is not clear how Plaintiff could overcome California's sovereign immunity. Still, out of an abundance of caution, the Court will grant Plaintiff one last opportunity to amend his complaint. Plaintiff is cautioned that he should clearly explain what California has allegedly done, which laws Plaintiff believes this conduct violated, and why such claims are not barred by the Eleventh Amendment.

## IV. CONCLUSION

The Court **GRANTS** the motion to dismiss. Dkt. No. 27. Plaintiff may therefore file an amended complaint within 30 days of the date of this order. This order also **TERMINATES AS MOOT** Dkt. Nos. 30, 38, 42, and 44.

**IT IS SO ORDERED.**

Dated: 10/25/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

8