UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAJESH K. SINHA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-00046-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 80 |

　　　　On May 9, 2025, the Court granted Defendant State of California's motion to dismiss. Dkt. No. 78. The Court also screened the complaint under 28 U.S.C. § 1915(e)(2)(B) as to the new, unserved Defendants and dismissed the case without leave to amend. *Id.* On June 5, 2025, Plaintiff Rajesh K. Sinha filed a motion for leave to file a motion for reconsideration. Dkt. No. 80. He also filed an "errata" to this motion. *See* Dkt. No. 84. Plaintiff argues that the Court "failed to consider material facts or key legal arguments" in its order. Dkt. No. 80 at 2. The Court construes Plaintiff's motion as a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and Rule 60(b).

　　　　Under Rule 59(e), "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Ninth Circuit has clarified that such motions may only be granted in limited circumstances: "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001).

　　　　Rule 60(b), in turn, permits a party to seek relief from a final judgment where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

discovered evidence, which by reasonable diligence could not have been discovered sooner; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; and (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b). Rule 60(b)(6) is a "catchall provision" that "has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 593 F.3d 790, 797 (9th Cir. 2010) (quotation omitted).

Here, Plaintiff raises various arguments that he believes the Court missed or misunderstood. *See* Dkt. No. 80. But the Court reviewed the 108-page Third Amended Complaint ("TAC") and Plaintiff's arguments in great detail, and identified several overlapping deficiencies with the TAC. The Court did not overlook Plaintiff's arguments, but simply disagreed with them and found Plaintiff's allegations insufficient to support a plausible claim against Defendants. The Court understands, and respects, that Plaintiff disagrees with its ruling. But Plaintiff has not identified a sufficient reason to justify reconsideration under Rule 59(e) or Rule 60(b), and the Court thus **DENIES** the motion. Dkt. No. 80. The Court notes that Plaintiff has filed notices of appeal, Dkt. Nos. 82 and 83, and the court of appeals is the appropriate venue for him to seek adjudication of any disagreements with the Court's order.

**IT IS SO ORDERED.**

Dated:   6/13/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge

2